Rosa CRUZ, Ethelwaldo Rivera, Pete Perez, Mike Moreno, and Israel Martinez, Plaintiffs,

v.

The BOARD OF ELECTIONS OF THE CITY OF NEW YORK, et al. Defendants.

No. 05 CIV. 7679(VM).

United States District Court, S.D. New York.

Sept. 6, 2005.

Rosa Cruz, Bronx, NY, pro se.

Ethelwaldo Rivera, Bronx, NY, pro se.

Pete Perez, Bronx, NY, pro se.

Mike Moreno, Bronx, NY, pro se.

Israel Martinez, Bronx, NY, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

On August 31, 2005, plaintiffs Israel Martinez ("Martinez"), Rosa Cruz, Ethelwaldo Rivera, Pete Perez and Mike Moreno (collectively, the "Plaintiffs") moved before this Court by way of an order to show cause for an order mandating defendant the Board of Elections of the City of New York ("Board of Elections") to place Martinez's name be placed on the ballot for the Democratic primary as a candidate for the New York City Council for the 18th Council District of Bronx County in the State of New York in the upcoming primary election to be held on September 13, 2005.[1]

The Court held a hearing on this matter on Tuesday, September 6, 2005 with Martinez, who appeared pro se, and all defendants. No plaintiff other than Martinez appeared at the hearing. Additionally, the incumbent City Council member for the 18th Council District, Annabel Palma, and other objectors who had brought suit in state court to preclude Martinez's candidacy, moved to intervene in the action under Federal Rule of Civil Procedure 24 and were heard by the Court.

The Court concluded that under Federal Rule of Civil Procedure 65, Martinez had failed to make the requisite showing of a likelihood of success on the merits to support the requested relief. The Court issued its decision from the bench.

Moreover, the Court indicated that, even construing the Complaint liberally to assert the strongest cognizable claim, Plaintiffs had not sufficiently stated any cause of action under federal law upon which relief could be granted, either under Section 1983, 42 U.S.C. § 1983, or other grounds. The Court also found that, in any event, any remedy by this Court would be barred by the rules of res judicata or the *Rooker–Feldman* doctrine in light of the full litigation of this same dispute by Martinez before the courts of the State of New York up to the Court of Appeals. In support of its ruling, the Court cited, among other authority, the Second Circuit's recent decision in *Hoblock v. Albany County Board of Elections*, 422 F.3d 77 (2d Cir.2005). Accordingly, for the reasons stated on the record at the September 6, 2005 hearing in this action, it is hereby

**ORDERED** that the motion of plaintiff Israel Martinez ("Martinez") for preliminary relief in the form of an order directing defendants the Board of Elections of

---

1. The Order to Show Cause itself requests an order mandating such action. The Complaint filed in conjunction with the Order to Show Cause identified plaintiffs' request to be for a writ of mandamus directing the Board of Elections of the City of New York to place his name as a candidate for office in the 18th Council District of the City of New York on the official ballot in the upcoming Democratic primary to be held on September 13, 2005. (*See* Compl. ¶ c, at 5–6.)

the City of New York and its individual members to place his name as a candidate for office in the 18th Council District of the City of New York on the official ballot in the Democratic party primary election to be held on September 13, 2005 is DENIED; and it is further

**ORDERED** that all claims raised by Martinez are DISMISSED; and it is further;

**ORDERED** that plaintiffs Rosa Cruz, Ethelwaldo Rivera, Pete Perez and Mike Moreno show cause by September 9, 2005 in a written submission to this Court as to why the Complaint in its entirety should not be dismissed.

**SO ORDERED.**