**Rosa CRUZ, Ethelwaldo Rivera, Pete Perez, Mike Moreno, and Israel Martinez, Plaintiffs,**

v.

**The BOARD OF ELECTIONS OF the CITY OF NEW YORK, et al., Defendants.**

No. 05 Civ. 7679(VM).

United States District Court, S.D. New York.

Sept. 20, 2005.

Rosa Cruz, Bronx, NY, Pro se.

Ethelwaldo Rivera, Bronx, NY, Pro se.

Pete Perez, Bronx, NY, Pro se.

Mike Moreno, Bronx, NY, Pro se.

Israel Martinez, Bronx, NY, Pro se.

*DECISION AND ORDER*

MARRERO, District Judge.

On August 31, 2005, plaintiffs Israel Martinez ("Martinez"), Rosa Cruz, Ethelwaldo Rivera, Pete Perez and Mike Moreno (collectively, the "Plaintiffs") moved before this Court by way of an order to show cause for an order mandating that defendant the Board of Elections of the City of New York ("Board of Elections") place Martinez's name on the ballot for the Democratic primary election held on September 13, 2005 as a candidate for the New York City Council for the 18th Council District of Bronx County in the State of New York. The Court, after hearing oral

argument on the matter on September 6, 2005, denied Martinez's motion for preliminary relief and dismissed all claims raised by Martinez in the Complaint for various reasons, including the application of the *Rooker–Feldman* doctrine as described in the Second Circuit's recent decision in *Hoblock v. Albany County Board of Elections*, 422 F.3d 77 (2d Cir.2005). *See Cruz v. Board of Elections*, No. 05 Civ. 7679, 2005 WL 2209164 (S.D.N.Y. Sept.8, 2005). The Court had additionally ordered that the remaining plaintiffs—Rosa Cruz, Ethelwaldo Rivera, Pete Perez and Mike Moreno—show cause by September 9, 2005 in a written submission to this Court as to why the Complaint in its entirety should not be dismissed. *See id.* The Court has yet to receive any submission from the remaining plaintiffs in this action, although this may be attributable to the fact that the copy of the Order mailed to plaintiff Rosa Cruz at her designated address was returned to the Court by the postal service unopened.

The September 13, 2005 Democratic primary has taken place. All relief requested in the Complaint filed by the Plaintiffs concerned the placement of Martinez as a candidate on the ballot for the primary election, save for the request for an award of costs pursuant to 42 U.S.C. § 1983. The Court may *sua sponte* address the issue of whether the claims raised by the remaining plaintiffs have been rendered moot. *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions." (internal quotation marks omitted)). The Court, therefore, orders the remaining plaintiffs to show cause as to why their claims have not been rendered moot by the passing of the Democratic primary election.[1]

The Court notes, moreover, that the remaining plaintiffs have failed to diligently pursue their claims in this action. In addition to their failure to respond to the Court's previous order, no plaintiff other than Martinez himself appeared at the September 6 Hearing. Although all Plaintiffs are appearing before this Court *pro se*, this does not excuse them from diligently pursuing their claims. Should Plaintiffs fail to make a timely response to the Court's instant order, the Court will dismiss their action in its entirety for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

For the above stated reasons, it is hereby

**ORDERED** that plaintiffs Rosa Cruz, Ethelwaldo Rivera, Pete Perez and Mike Moreno ("Plaintiffs") show cause by not later than September 29, 2005 as to why the Complaint in its entirety should not be dismissed on the grounds of mootness; and it is further

---

1. The Court also notes that the claims of the remaining plaintiffs—all of whom are registered Democrats in the 18th Council District who allegedly sought to have Martinez appear as their candidate—may be barred on the same grounds as those raised by Martinez due to the remaining plaintiffs being in privity with Martinez with respect to the State court judgment regarding which Martinez erroneously sought this Court's review. *See Hoblock*, 422 F.3d at 91 ("If the plaintiff voters are in reality the candidates' pawns, then by definition the plaintiff voters' interests are identical to the candidates' (and different from the interests of all similarly situated voters) and were adequately represented in the candidates' state-court lawsuit.").

**ORDERED** that should Plaintiffs fail to respond to this order, the Complaint shall be dismissed with prejudice in its entirety for failure to prosecute and the case shall be closed.

**SO ORDERED.**